IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

E-Filing

Edith Ramirez, et al.,
                    Plaintiffs,

No. C06-0631 TEH

v.

ORDER FOR PRETRIAL PREPARATION

The Salvation Army, et al.
                    Defendants.

**FILED**

MAY 0 1 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Good cause appearing, IT IS HEREBY ORDERED that:

1. **TRIAL DATE.** Trial before the COURT/JURY will begin in Courtroom No. 12 on _APRIL  10, 2007_ at _8:30_ AM. If the Court advises all counsel that they must be prepared to go to trial on a trailing basis, then the trial will begin as soon after the scheduled date as possible. The trial shall last for an estimated _10_ trial days. The trial of liability and damages issues SHALL/SHALL NOT be separate.

2. **PRETRIAL CONFERENCE.** The Court will hold a pretrial conference on Monday, _MARCH 26, 2007_ at 3:00 PM. **Counsel who intend to try the case must attend the pretrial conference.**

3. **DISCOVERY.**

(a) **Discovery Cutoff.** All discovery, except for depositions of expert witnesses, shall be **completed** on or before _DECEMBER 25, 2006_. All depositions of expert witnesses shall be taken on or before 21 calendar days before the scheduled trial date.

1  **(b) Disclosures Regarding Expert Witnesses.**    Plaintiffs shall comply with

2  Federal Rule of Civil Procedure 26(a)(2)(A) (i.e., disclose the identity of any person who

3  may be used at trial to present expert testimony) no later than __60__ calendar days before the

4  pretrial conference.  Defendants shall disclose the identity of their expert witnesses no later

5  than __45__ calendar days before the pretrial conference.  Failure to comply with these

6  deadlines will prevent a witness from testifying as an expert.

7      The parties shall comply with all of the disclosures required by Federal Rule of Civil

8  Procedure 26(a)(2)(B) (regarding expert reports, qualifications, compensation, etc.) no later

9  than 10 calendar days before the pretrial conference.

10

11  **(c) Discovery Disputes.**  Unless otherwise ordered by the Court, all discovery matters

12  are hereby referred for assignment to a magistrate judge.  Please call the Courtroom Deputy

13  at (415) 522-2047 to obtain a random assignment to a specific Magistrate Judge before filing

14  any papers relating to discovery.

15

16  **4.  PRETRIAL MOTIONS (EXCEPT MOTIONS IN LIMINE).**

17      The parties should file pretrial motions to resolve any purely legal substantive issues.

18  Such issues may **not** be resolved by motions in limine (see page 6, paragraph 6(a)).  **Any**

19  **party that attempts to resolve a purely legal substantive issue by a motion in limine, or**

20  **by any motion filed after the deadline below, may expect the imposition of substantial**

21  **sanctions for failure to comply with this order.**

22      All pretrial motions, except motions in limine, shall be heard no later than 45 calendar

23  days before the scheduled trial date.  Accordingly, all such motions must be noticed for

24  hearing no later than Monday, *FEBRUARY 12, 2007*.  They must be filed at least 35 days in

25  advance of the hearing date, or no later than Monday, *JANUARY 8, 2007*.  Civ. L.R. 7-2(a).

26

27

28

United States District Court
For the Northern District of California

**5. PRETRIAL CONFERENCE STATEMENT.**

**(a) Required Meeting and Disclosure Prior to Pretrial Conference.** Lead counsel who will try the case shall meet and confer on or before *FEBRUARY 23, 2007* (at least 30 calendar days before the pretrial conference). At that time, they shall discuss:

**(1)** Prospects for settling the action;

**(2)** The preparation and content of the joint pretrial conference statement;

**(3)** The preparation and exchange of pretrial materials to be served and lodged with the Court; and

**(4)** Resolution of any differences between the parties regarding items (2) and (3) above. To the extent such differences are not resolved, the parties must present the issues in the joint pretrial conference statement so that the Judge may rule on the disputes at the pretrial conference.

Within one week after meeting and conferring, the parties shall file a joint statement, signed by all counsel, stating that they have met and conferred on the above issues.

**(b) Joint Pretrial Conference Statement.** The parties shall file a joint pretrial conference statement no later than 10 calendar days before the pretrial conference. If the parties disagree over the wording of the statement, each party may state its position in its own words. All parties or their counsel must sign the statement, which the Court anticipates will be confirmed as the Pretrial Order. The statement shall contain the following information:

**(1) The Action.**

**(A) Substance of the Action.** A brief description of the substance of claims and defenses that remain to be decided.

**(B) Relief Prayed.** A detailed statement of the relief claimed, including an itemization of all claimed damages, along with a list of witnesses, documents, or other evidentiary material to be presented on the amount of damages.

**United States District Court**
For the Northern District of California

1   **(2)  The Factual Basis of the Action.**

2           **(A)  Undisputed Facts.**  A plain and concise statement of all relevant

3   facts not reasonably disputable.  This should include a statement of facts which the parties

4   stipulate may be incorporated into the trial record without supporting testimony or exhibits.

5           **(B)  Disputed Factual Issues.**  A plain and concise statement of all

6   disputed factual issues that remain to be decided.

7           **(C)  Agreed Statement.**  A statement assessing whether all or part of

8   the action may be presented upon an agreed statement of facts.

9           **(D)  Stipulations.**  A statement of stipulations requested or proposed for

10   pretrial or trial purposes.

11

12   **(3)  Trial Preparation.**

13           **(A)  Estimate of Trial Time.**  An estimate of the number of court days

14   needed for the presentation of each party's case, indicating possible reductions in time

15   through proposed stipulations, agreed statements of facts, or expedited means of presenting

16   testimony and exhibits.

17           **(B)  Witnesses to be Called.**  A list of all witnesses likely to be called at

18   trial, other than solely for impeachment or rebuttal, together with a brief statement following

19   each name describing the substance of the testimony to be given.  This witness list shall

20   satisfy the requirements of Federal Rule of Civil Procedure 26(a)(3)(A).  Parties must

21   indicate any objections to the use of the listed witnesses and shall certify that counsel have

22   met and conferred regarding such objections.

23           **(C)  Use of Discovery Responses.**  A list of evidence that may be

24   presented at trial, other than solely for impeachment or rebuttal, through use of excerpts from

25   depositions, interrogatory answers, or responses to requests for admission.  This list shall

26   satisfy the requirements of Federal Rule of Civil Procedure 26(a)(3)(B).  Parties must

27   indicate any objections to use of these materials and shall certify that counsel have met and

28   conferred regarding such objections.

1     **(D) Exhibits, Schedules, and Summaries.** A list of all documents and
2 other items to be offered as exhibits at the trial, other than solely for impeachment or rebuttal,
3 with a brief statement following each item describing its substance or purpose and the
4 identity of its sponsoring witness. This exhibit list shall satisfy the requirements of Federal
5 Rule of Civil Procedure 26(a)(3)(C). Parties must indicate any objections to the receipt in
6 evidence of the listed exhibits and shall certify that counsel have met and conferred regarding
7 such objections.

8     **(E) Further Discovery or Motions.** A statement of all outstanding
9 discovery or motions, including motions in limine.

10

11     **(4) Trial Alternatives and Options.**

12     **(A) Settlement Discussion.** A statement summarizing the status of
13 settlement negotiations and indicating whether further negotiations are likely to be
14 productive.

15     **(B) Consent to Trial Before a Magistrate Judge.** A statement
16 explaining whether reference of all or part of the action to a special master or magistrate
17 judge is feasible, including whether the parties consent to a court or jury trial before a
18 magistrate judge with appeal directly to the Ninth Circuit.

19     **(C) Amendments or Dismissals.** A statement of requested or proposed
20 amendments to pleadings or dismissals of parties, claims, or defenses.

21     **(D) Bifurcation of Issues.** A statement of whether bifurcation (i.e.,
22 separate trials) of specific issues is feasible and desired.

23

24     **(5) Miscellaneous.** Any other subjects relevant to the just, speedy, and
25 inexpensive resolution of this action.

26
27
28

United States District Court
For the Northern District of California

1    **(c) Pretrial Order.**  The Court may, as appropriate, make pretrial orders at or
2    following the pretrial conference.  Such orders shall control the subsequent course of the
3    action as provided in Federal Rule of Civil Procedure 16.

4

5         **6.  TRIAL PREPARATION DEADLINES.**

6         **(a) Motions in Limine.**  The only appropriate purpose for a motion in limine
7    is to obtain, in advance of trial, an evidentiary ruling on the admissibility of a specific piece
8    of evidence.  Unless otherwise allowed by the Court, all motions in limine shall be filed no
9    later than 21 calendar days before the scheduled trial date, and written opposition to such
10   motions shall be filed no later than 14 calendar days before the trial date.  **All motions in**
11   **limine must be accompanied by a declaration stating that counsel have met and**
12   **conferred in good faith regarding the motions prior to their filing, and that the parties**
13   **are unable to resolve informally any remaining disputes.**

14

15        **(b) Exhibits.**  Two sets of all exhibits to be offered at trial, together with a list
16   of exhibits, shall be lodged with the Court no later than 7 calendar days before the scheduled
17   trial date.  Exhibits shall be pre-marked in accordance with the attached forms.

18

19        **(c) Objections to Evidence.**  Counsel shall meet and confer with respect to
20   any evidentiary objections in advance of the pretrial conference.  They shall advise the Court
21   at the pretrial conference if any objections contained in their joint pretrial conference
22   statement have been subsequently resolved.

23

24        **(d) Jury Instructions.**  If a jury trial has been demanded, the parties shall
25   meet and confer to discuss proposed jury instructions.  No later than 10 calendar days before
26   the pretrial conference, the parties shall lodge with the Court two complete sets of proposed
27   jury instructions upon which they have agreed, excluding all standard instructions regarding
28   the role of jurors, organization of the jury, communication with the Court, etc.  (The Court

United States District Court
For the Northern District of California

TEH Order for Pretrial Preparation                    6                              (Rev. 04/02)

1   utilizes its own set of "standard instructions.")  The proposed jury instructions must be
2   accompanied by a declaration stating that the parties have met and conferred in good faith in
3   an attempt to agree upon as many jury instructions as possible.

4               If the parties cannot agree on all proposed jury instructions, each party shall
5   also lodge with the Court, no later than 10 days before the pretrial conference, two complete
6   sets of proposed jury instructions upon which any other party does not agree, along with a
7   copy of such instructions on disk in WordPerfect or WordPerfect-compatible format.  For
8   each disputed instruction, the party shall indicate the corresponding instruction(s), if any,
9   being lodged by other parties.  The parties shall file written objections to each disputed
10  instruction no later than 7 calendar days before the scheduled trial date.

11              All proposed jury instructions shall be concise and free from argument; cover
12  only one subject to be indicated in the caption; show the identity of the offering party; be
13  typewritten out in full on a separate page or pages; be consecutively numbered; and set forth
14  specific citations to supporting authority.  Case citations must include pinpoint citations to
15  the exact page or pages that support the proposed instruction.

16

17              **(e) Voir Dire.**  If a jury trial has been demanded, the parties may, at their
18  option, submit proposed questions for voir dire.  Any such questions must be submitted to the
19  Court no later than 10 calendar days before the pretrial conference.

20

21              **(f) Special Verdict Forms.**  If a jury trial has been demanded, the parties shall
22  meet and confer to discuss any desired special verdict forms.  The parties shall follow the
23  procedure outlined in paragraph 6(d) in submitting their proposed verdict forms.

24

25              **7. CITATIONS.**  In all motion papers and jury instructions, all United States
26  Supreme Court citations shall be to both the official reporter and the West Supreme Court
27  Reporter, where such citations are available.  Similarly, all California state court citations
28  shall be to both the official reporter and the West California Reporter, where such citations

1  are available. Finally, all citations to decisions of state courts outside of California shall be
2  to both the official reporter of that state and to the West Regional Reporter, where such
3  citations are available.

4

5      **8. TRANSCRIPTS.** If a daily transcript will be requested, arrangements must be
6  made with the Courtroom Deputy at least one week before the scheduled trial date.

7

8      **9. SETTLEMENT CONFERENCE.** The parties SHALL/SHALL NOT arrange for
9  a mandatory settlement conference before Magistrate Judge _____ $N/A$ _____ of this Court.
10 This conference shall be scheduled to take place no later than 5 calendar days before the
11 pretrial conference.

12

13     **10. FURTHER CASE MANAGEMENT CONFERENCE.** A further case
14 management conference will be held on Monday, _____ $N/A$ _____ at 1:30 PM.

15

16     **11. PROCEDURE FOR AMENDING THIS ORDER.** No provision of this order
17 may be changed except by written order of this Court. The Court may enter such an order
18 upon its own motion or upon motion of one or more of the parties. The parties must make
19 any such motion in accordance with the Civil Local Rules and with a demonstration of very
20 good cause. The mere fact that the parties have stipulated to a change does not constitute
21 good cause, nor does a conflict with a court date set after the date of this order.

22

23 **IT IS SO ORDERED.**

24

25 DATED _____ 5/1/06

26                                    THELTON E. HENDERSON, JUDGE
                                       UNITED STATES DISTRICT COURT

27

28

TEH Order for Pretrial Preparation                    8                          (Rev. 04/02)

1

2   The parties request the Court to make the foregoing order.

3   Attorney(s) for Plaintiff(s):          Attorney(s) for Defendant(s):

4

5   _____       _____

6

7   _____       _____

8

9   _____       _____

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

TEH Order for Pretrial Preparation                    9                                    (Rev. 04/02)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CASE NO. C    -        TEH                DATE:

_____ v. _____

EXHIBIT LIST

(    ) Plaintiff                              (    ) Defendant

| EXHIBIT NUMBER | MARKED | ADMITTED | DESCRIPTION OF EXHIBIT |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

| | |
|---|---|
| Case No. _____ | Case No. _____ |
| **PLTF** Exhibit No. _____1_____ | **DEFT** Exhibit No. _____A_____ |
| Date Entered _____ | Date Entered _____ |
| Signature _____ | Signature _____ |

| | |
|---|---|
| Case No. _____ | Case No. _____ |
| **PLTF** Exhibit No. _____2_____ | **DEFT** Exhibit No. _____B_____ |
| Date Entered _____ | Date Entered _____ |
| Signature _____ | Signature _____ |

| | |
|---|---|
| Case No. _____ | Case No. _____ |
| **PLTF** Exhibit No. _____3_____ | **DEFT** Exhibit No. _____C_____ |
| Date Entered _____ | Date Entered _____ |
| Signature _____ | Signature _____ |

| | |
|---|---|
| Case No. _____ | Case No. _____ |
| **PLTF** Exhibit No. _____4_____ | **DEFT** Exhibit No. _____D_____ |
| Date Entered _____ | Date Entered _____ |
| Signature _____ | Signature _____ |

| | |
|---|---|
| Case No. _____ | Case No. _____ |
| **PLTF** Exhibit No. _____5_____ | **DEFT** Exhibit No. _____E_____ |
| Date Entered _____ | Date Entered _____ |
| Signature _____ | Signature _____ |

| | |
|---|---|
| Case No. _____ | Case No. _____ |
| **PLTF** Exhibit No. _____6_____ | **DEFT** Exhibit No. _____F_____ |
| Date Entered _____ | Date Entered _____ |
| Signature _____ | Signature _____ |