1

2                 IN THE UNITED STATES DISTRICT COURT

3                FOR THE NORTHERN DISTRICT OF CALIFORNIA

4

5

6    EDITH RAMIREZ, et al.,

7                              Plaintiffs,                NO. C06-0631 TEH

8                  v.                                     ORDER GRANTING IN PART
                                                          AND DENYING IN PART
9    THE SALVATION ARMY, et al.,                          DEFENDANTS' MOTION TO
                                                          DISMISS
10                            Defendants.

11

12            This matter came before the Court on Monday, June 26, 2006, on Defendants' motion

13   to dismiss.  After carefully considering the parties' written and oral arguments, the

14   allegations in the complaint, and relevant law, the Court now GRANTS IN PART and

15   DENIES IN PART Defendants' motion for the reasons discussed below.

16

17   **BACKGROUND**

18            In this action, ten plaintiffs sue their former employer, the Salvation Army, and

19   several individual defendants on a host of claims stemming from Plaintiffs' termination of

20   employment.  Seven plaintiffs are Asian females of Filipino descent, all of whom are over

21   the age of 50.  One of these plaintiffs also suffers from a physical disability.  Of the

22   remaining three male plaintiffs, one suffers from a physical disability, the second is over the

23   age of 60 and suffers from a physical disability, and the third is over the age of 60 and of

24   Italian descent.

25            The complaint asserts fifteen causes of action, including claims for race, national

26   origin, sex, age, and disability discrimination, harassment, and retaliation asserted against the

27   Salvation Army under Title VII, 42 U.S.C. § 1981, the Age Discrimination in Employment

28   Act ("ADEA"), the Americans with Disabilities Act ("ADA"), and Article I, section 8 of the

United States District Court
For the Northern District of California

California Constitution.  Plaintiffs also assert a failure to accommodate claim against the Salvation Army under Title I of the ADA, as well as a wrongful discharge claim for termination in violation of public policy.  Plaintiffs further allege that the Salvation Army is liable for failing to take all reasonable steps necessary to prevent discrimination and harassment from occurring.  Two plaintiffs assert a claim against the Salvation Army for unlawful denial of family or medical leave under the Family Medical Leave Act, and five plaintiffs allege that the Salvation Army breached an implied-in-fact contract.  Against the individual defendants only, Plaintiffs assert a harassment claim under California Government Code section 12940(j) and a retaliation claim under California Government Code section 12490(h).  Finally, Plaintiffs assert a claim for intentional infliction of emotional distress against all defendants.

**LEGAL STANDARD**

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) when a plaintiff's allegations fail "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A court should not grant dismissal "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  Moreover, dismissal should be with leave to amend unless it is clear that amendment could not possibly cure the complaint's deficiencies. *Steckman v. Hart Brewing, Inc.,* 143 F.3d 1293, 1296 (9th Cir. 1998).

In deciding whether a case should be dismissed, a court may generally only consider the complaint and any attached exhibits that have been incorporated therein.  *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).  However, the court may consider a document external to the complaint if the complaint "necessarily relies" on the document and no party contests the document's authenticity. *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998).  The court may also consider facts for which judicial notice is appropriate. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).  Thus, while the court must generally accept as true the factual allegations of the complaint and construe those allegations in the

United States District Court

For the Northern District of California

2

light most favorable to the plaintiff, the court need not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (9th Cir. 2001).

**DISCUSSION**

In the motion currently before the Court, Defendants move to dismiss Plaintiffs' first fourteen causes of action but do not move to dismiss Plaintiffs' fifteenth cause of action for breach of implied-in-fact contract. Defendants also move to dismiss Plaintiffs' claims for punitive damages. The Court addresses each of Defendants' arguments in turn below.

**I.      Discrimination Claims (First through Fifth Causes of Action)**

Defendants first move to dismiss the federal claims against the individual defendants on grounds that Title VII, the ADEA, and the ADA do not provide for individual liability. However, Plaintiffs do not name the individual defendants under their federal causes of action, and Defendants' motion is therefore DENIED as moot.

In moving to dismiss Plaintiffs' discrimination claims against the Salvation Army, Defendants focus on what Plaintiffs will have to establish to recover on their claims at trial or to survive a motion for summary judgment. However, considering what Plaintiffs must prove to prevail on the merits of their claims or to create a material factual dispute are very different questions from what Plaintiffs must plead in the complaint to survive a motion to dismiss.[1]  In *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002), the Supreme Court held that an employment discrimination plaintiff need not allege facts in the complaint that establish a prima facie case of discrimination under *McDonnell Douglas Corporation v. Green*, 411 U.S. 792 (1973), and must instead only comply with the "simple requirements of Rule 8(a)" of the Federal Rules of Civil Procedure. *Swierkiewicz*, 534 U.S. at 511-15. Thus, to survive a motion to dismiss for failure to state a claim, a plaintiff's complaint need only contain "a

---

[1]Thus, the Court's rulings on whether Plaintiffs have met their pleading requirements are no indication of whether Plaintiffs might ultimately prevail on their claims.

United States District Court
For the Northern District of California

1   short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at

2   508 (quoting Fed. R. Civ. P. 8(a)).

3   As an illustration of this standard, the Court referred to the forms contained in the

4   Appendix of Forms of the Federal Rules of Civil Procedure, noting that such forms "are

5   sufficient under the rules and are intended to indicate the simplicity and brevity of statement

6   which the rules contemplate": "For example, Form 9 sets forth a complaint for negligence in

7   which plaintiff simply states in relevant part: 'On June 1, 1936, in a public highway called

8   Boylston Street in Boston, Massachusetts, defendant negligently drove a motor vehicle

9   against plaintiff who was then crossing said highway.'" *Id.* at 513 n.4 (citing Fed. R. Civ. P.

10  84 and Fed. R. Civ. P. Form 9).  The forms do not contain an example of a discrimination

11  claim, and the Ninth Circuit does not appear to have ruled on what precisely must be alleged

12  by an employment discrimination plaintiff to survive a motion to dismiss. *See Maduka v.*

13  *Sunrise Hospital*, 375 F.3d 909, 912-13 (9th Cir. 2004) (applying *Swierkiewicz* but

14  remanding to the district court to decide in the first instance whether the complaint's

15  allegations satisfied the requirements of Rule 8(a)); *Castillo v. Norton*, 219 F.R.D. 155, 161

16  (D. Ariz. 2003) (noting that the Ninth Circuit had not ruled on the issue as of December 18,

17  2003, but that "Ninth Circuit case law favors a tolerant application of Rule 8 to employment

18  discrimination claims").  Other circuits, however, have held that alleging the simple

19  statement that "I was turned down for a job because of my race" is sufficient to state a claim

20  under Title VII.  *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1115 (D.C. Cir. 2000);

21  *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998).

22  In this case, all of the plaintiffs allege that they were terminated and denied

23  reinstatement because of age, race, national origin, sex, and/or disability.  Compl. ¶¶ 28, 44,

24  52, 58, 62, 66, 70, 80, 83, 88.  Plaintiffs further allege that the Salvation Army "has hired

25  younger, predominantly Caucasian employees to replace Plaintiffs." *Id.* ¶ 90.  Although

26  Defendants correctly observe that Plaintiffs include men as well as women, and so it may

27  appear at first glance that a sex discrimination claim is misplaced, Defendants fail to rebut

28  Plaintiffs' argument that Plaintiffs' gender cannot be viewed in isolation from their race or

United States District Court

For the Northern District of California

4

national origin.  Accordingly, the Court finds Plaintiffs' complaint to adequately meet the lenient pleading standards under the Federal Rules on all asserted discrimination claims, and the Court therefore DENIES Defendants' motion to dismiss these claims, with the following exception:  As to Plaintiff Pergamo, Defendants correctly observe that he only alleges he "was terminated and denied reinstatement because of his age." *Id.* ¶ 70.  Thus, the motion to dismiss Pergamo's discrimination claims based on race and national origin is GRANTED. Plaintiffs failed to persuade the Court at oral argument that Pergamo, an Italian, could state a race-based claim if given leave to amend, but it appears possible that Pergamo may be able to state a claim based on national origin discrimination.  Therefore, dismissal of Pergamo's race discrimination claim is with prejudice, but dismissal of his national original discrimination claim is without prejudice.

In their reply papers, Defendants further argue that Plaintiffs' claim under 42 U.S.C. § 1981 must be dismissed because Plaintiffs failed to allege that their treatment was the result of an official policy or custom.  However, this argument was not included in any way in Defendants' opening brief, and the Court therefore need not consider it.  *Eberle v. City of Anaheim*, 901 F.2d 814, 817-18 (9th Cir. 1990).

## II.        Failure to Accommodate Claim (Sixth Cause of Action)

Defendants group Plaintiffs' disability discrimination claim with their claim based on failure to accommodate under the ADA.  The only argument Defendants assert in their moving papers specifically regarding Plaintiffs' failure to accommodate claim is that Plaintiffs Cousineau and Ramirez do not allege any requests for accommodations that Defendants denied; Defendants do not seek to dismiss the failure to accommodate claim brought by Plaintiff Higgins.  In their reply papers, Defendants argue only that Plaintiff Ramirez failed to allege a request for accommodations, apparently conceding that the allegations as to Plaintiff Cousineau discussed in Plaintiffs' opposition papers are sufficient to state a claim based on failure to accommodate.  Accordingly, Defendants' motion is DENIED as to Plaintiffs Cousineau's and Higgins's claims based on failure to accommodate.

United States District Court

For the Northern District of California

1   As to Plaintiff Ramirez, Plaintiffs' opposition does not identify any alleged requests

2  for accommodation, nor does the Court's review of the complaint reveal any such

3  allegations.  The complaint alleges only that Ramirez was not allowed to return to work after

4  fracturing her left shoulder because Defendant Vickery contended that Ramirez's proffered

5  work release order from her doctor was improper.  Compl. ¶¶ 72-78.  Plaintiffs have failed to

6  explain why, or even assert that, Vickery's actions constituted a failure to accommodate or

7  failure to engage in the interactive process required by the ADA.  Defendants' motion to

8  dismiss Plaintiffs' sixth cause of action is therefore GRANTED as to Plaintiff Ramirez.

9  Because counsel conceded at oral argument that Ramirez never sought accommodations for a

10  disability and agreed to withdraw her claim, dismissal of this claim is with prejudice.

11

12  **III.    Harassment Claim Against the Salvation Army (Seventh Cause of Action)**

13   As with Defendants' arguments on Plaintiffs' discrimination claims, Defendants

14  arguments on Plaintiffs' harassment claims focus on what Plaintiffs will have to establish to

15  prevail at trial or to survive summary judgment.  Indeed, Defendants have cited no authority

16  to support a motion to dismiss, as opposed to a motion for summary judgment.

17   Nonetheless, a review of the complaint reveals that only Plaintiff Higgins alleges that

18  he was subjected to harassment.  Compl. ¶ 44 (alleging that "Plaintiff HIGGINS was

19  subjected to harassment and discrimination in the workplace"); *id.* ¶¶ 31-43 (containing

20  factual allegations related to Plaintiff Higgins).  The other plaintiffs allege only

21  discrimination and, in the case of Plaintiff Cousineau, retaliation.  *Id.* ¶¶ 28, 52, 58, 62, 66,

22  70, 80, 83, 88.  Although the complaint does generically allege that "Plaintiffs were

23  subjected to pervasive workplace harassment based on race, national origin, sex, age, and

24  physical disability, which resulted in a hostile and intimidating workplace environment," *id.*

25  ¶ 129, this is insufficient to satisfy even the liberal notice-pleading standards of the Federal

26  Rules.  Those rules require the complaint to "give the defendant fair notice of what the

27  plaintiff's claim is and the grounds upon which it rests," *Conley*, 355 U.S. at 47, and the

28  Court cannot say that the generic allegation in paragraph 129 is sufficient to satisfy this

standard.  Accordingly, Defendants' motion to dismiss Plaintiffs' seventh cause of action for harassment is DENIED as to Plaintiff Higgins but GRANTED as to all other plaintiffs. Dismissal is without prejudice because it is not clear that none of the other plaintiffs could state a harassment claim if given leave to amend.

## IV.   Retaliation Claim Against the Salvation Army (Ninth Cause of Action)

Plaintiffs' retaliation claim against the Salvation Army is similar to their harassment claim in that it is purportedly brought on behalf of all plaintiffs against the Salvation Army, but only Plaintiffs Cousineau and Higgins allege that they were retaliated against.  *Compare* Compl. ¶¶ 28, 44 (alleging that Cousineau and Higgins were terminated because they "objected to illegal discrimination and harassment" against older workers, in Higgins's case, or against older Asian female employees, in Cousineau's case) *with id.* ¶¶ 52, 58, 62, 66, 70, 80, 83, 88 (alleging only that the other plaintiffs were "terminated and denied reinstatement" based on age, race, national origin, sex, disability, or exercising a right to family leave, and containing no allegations of retaliation).  Similar to Plaintiffs' harassment claim, the retaliation claim also contains a generic paragraph alleging that "Defendant THE SALVATION ARMY retaliated against Plaintiffs for opposing Defendants' discriminatory treatment and harassment, requesting accommodation for physical disability, and requesting Family Leave by, among other things, terminating Plaintiffs' employment."  *Id.* ¶ 139. However, the complaint alleges only that Plaintiffs Higgins and Cousineau expressed complaints of illegal treatment before they were terminated.

Although Defendants object to the allegations as to Higgins and Cousineau as insufficient, Defendants again rely on summary judgment cases or pre-*Swierkiewicz* motion to dismiss cases to support their position, rather than relying on the relevant legal standard for challenging the pleadings.  Upon careful review, the Court finds the complaint to adequately state a retaliation claim on behalf of Plaintiffs Higgins and Cousineau, but not on behalf of any of the remaining plaintiffs.  Thus, Defendants' motion to dismiss the retaliation claim against the Salvation Army is DENIED as to Plaintiffs Cousineau and Higgins but

1  GRANTED as to all other plaintiffs.  Dismissal is with prejudice because Plaintiffs' counsel

2  stated at oral argument that no other plaintiffs objected to allegedly unlawful treatment prior

3  to being terminated.

4

5  **V.    Harassment and Retaliation Claims Against Individual Defendants (Eighth and**

6  **Tenth Causes of Action)**

7  Plaintiffs do not dispute Defendants' assertion that the individual defendants, as

8  employees of the Salvation Army, a non-profit religious organization, are exempt from

9  harassment and retaliation claims under the Fair Employment and Housing Act ("FEHA").

10  *Taylor v. Beth Eden Baptist Church*, 294 F. Supp. 2d 1074, 1082-85 (N.D. Cal. 2003).

11  Accordingly, the Court GRANTS Defendants' motion to dismiss Plaintiffs' eighth cause of

12  action for harassment under California Government Code section 12940(j) and Plaintiffs'

13  tenth cause of action for retaliation under California Government Code section 12940(h) with

14  prejudice.

15  Plaintiffs seek leave to amend to allege "causes of action for harassment and

16  retaliation under federal law, including Title VII, ADEA, and ADA," Opp'n at 9.  However,

17  if Plaintiffs want to amend the complaint to assert new legal claims, they must file a properly

18  noticed motion seeking such leave.  Moreover, if Plaintiffs intend to file such a motion, they

19  should carefully consider Defendants' arguments that the federal anti-discrimination statutes

20  do not provide for individual liability.[2]

21

22  **VI.    Failure to Correct or Prevent Harassment Claim (Eleventh Cause of Action)**

23  Defendants move to dismiss Plaintiffs' eleventh cause of action for failure to correct

24  or prevent harassment on grounds that the Salvation Army, as a religious organization, is

25  exempt from the provisions of FEHA.  Cal. Gov't Code §§ 12940(j)(4), 12926(d).  Although

26  Plaintiffs failed to respond to this argument in their opposition papers, the complaint does not

27  _____

[2]Defendants assert in their reply that Plaintiffs conceded this point.  However,
28  Plaintiffs' opposition states only that there is no need to consider the argument because the
complaint does not currently assert federal claims against the individual defendants.

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

1   assert a failure to prevent discrimination claim under FEHA.  Instead, the eleventh cause of

2   action is based on "violation of Title VII of the Civil Rights Act, the Age Discrimination in

3   Employment Act, and the Americans with Disabilities Act."  Compl. ¶ 149.  Accordingly,

4   Defendants' motion as to this claim is DENIED as moot.

5

6   **VII.   Unlawful Denial of Family Leave Claim (Twelfth Cause of Action)**

7            Plaintiffs Alfonzo and Ramirez allege that they were unlawfully terminated for

8   exercising their rights under the Family Medical Leave Act ("FMLA").  Although neither

9   party discussed the relevant test for such a claim, the Ninth Circuit has explained that an

10  employer may not use "FMLA-protected leave as a negative factor in an employment

11  decision.  In order to prevail on [their claims], therefore, [plaintiffs] need only prove by a

12  preponderance of the evidence that [their] taking of FMLA-protected leave constituted a

13  negative factor in the decision to terminate [them]."  *Bachelder v. Am. W. Airlines, Inc.*, 259

14  F.3d 1112, 1125 (9th Cir. 2001).

15           Defendants correctly observe that Alfonzo inconsistently alleges both that she was

16  terminated while she was on leave to care for her ill husband and that she was terminated

17  after returning from leave.  Compl. ¶¶ 47-48, 155-56.  At oral argument, Plaintiffs clarified

18  that Alfonzo was terminated while she was on leave.

19           Ramirez alleges that she became incapacitated by a shoulder injury in August 2004

20  and was scheduled to return to work on November 22, 2004.  Ramirez allegedly brought a

21  work order release from her doctor on that date, but Defendant Vickery allegedly sent

22  Ramirez home, claiming that Ramirez lacked a formal work order release.  Ramirez's doctor

23  then allegedly notified the Salvation Army by telephone that the form issued to Ramirez was

24  the proper document for Ramirez to return to work, but the Salvation Army allegedly

25  terminated Ramirez's employment when she returned to work in early December 2004.

26  Approximately one week after Ramirez's termination, her doctor allegedly notified the

27  Salvation Army in writing that the form issued to Ramirez was the proper documentation for

28

9

United States District Court

For the Northern District of California

1    her to return to work, but the Salvation Army allegedly refused to reinstate her.  *Id.* ¶¶ 72-78,

2    155, 157.

3          In their motion, Defendants rely on an Eleventh Circuit case, *O'Connor v. PCA*

4    *Family Health Plan, Inc.*, 200 F.3d 1349 (11th Cir. 2000), to argue that employees who are

5    away on or returning from authorized medical or family leave need not be reinstated to their

6    former positions if those positions were eliminated during the leave.  In *O'Connor*, which

7    was an appeal from a district court's opinion following a bench trial and not a case

8    discussing pleading standards, the court held that an employer must be given an opportunity

9    to demonstrate that the plaintiff employee would have been terminated even if he or she not

10   been on leave.  However, although Plaintiffs failed to respond to this issue in their opposition

11   papers, the Ninth Circuit has explicitly held that "[t]ermination within the context of a

12   reduction in force does not insulate the defendant from liability for violating FMLA.  Where

13   a plaintiff alleges that she was terminated for unlawful reasons, courts will not accept a

14   reduction in force as the conclusory explanation for the employee's termination."  *Liu v.*

15   *Amway Corp.*, 347 F.3d 1125, 1136 n.11 (9th Cir. 2003).

16         Moreover, although Plaintiffs also failed to raise this point in their opposition (in

17   which they simply summarized the allegations in the complaint and, without any citation to

18   legal authority, asserted that those allegations were sufficient to state a claim), Defendants

19   are incorrect when they state that paragraph 89 of the complaint concedes that Plaintiffs

20   "were terminated, and that their positions were eliminated, in favor of part-time jobs."  That

21   paragraph of the complaint states that after Plaintiffs' termination, the Salvation Army

22   advertised job openings for "5 full-time positions and 8 part-time positions," and it is not

23   clear whether the positions held by Ramirez and Alfonzo were re-classified as part-time or

24   were two of the five full-time positions advertised.  Thus, when the allegations are viewed in

25   a light most favorable to Plaintiffs, the Court cannot say that Plaintiffs concede that their

26   positions were eliminated in favor of part-time positions.

27         In sum, upon reviewing Plaintiffs' allegations, the Court concludes that they may have

28   been inartfully drafted but that they nonetheless adequately put Defendants on notice of

10

Plaintiffs Alfonzo's and Ramirez's contention that their decisions to take family or medical leave contributed to Defendants' decision to terminate them. This is sufficient to survive Defendants' challenge to the pleadings, and the Court therefore DENIES Defendants' motion to dismiss Plaintiffs' claim for unlawful denial of family and medical leave.

## VIII.  Wrongful Discharge in Violation of Public Policy Claim (Thirteenth Cause of Action)

Defendants base their motion to dismiss Plaintiffs' wrongful discharge in violation of public policy claim on Defendants' arguments against Plaintiffs' other claims. That is, Defendants argue that "[b]ecause [Plaintiffs'] other claims fail, so too must their claim for wrongful discharge." Reply at 8. However, as explained above, Plaintiffs' other claims do not all fail, and the Court therefore DENIES Defendants' motion to dismiss Plaintiffs' wrongful discharge claim.

## IX.   Intentional Infliction of Emotional Distress Claim (Fourteenth Cause of Action)

On Plaintiffs' intentional infliction of emotional distress claim, Defendants first argue that such a claim is barred by workers' compensation exclusivity. In their reply papers, however, Defendants acknowledge that "the workers['] compensation exclusivity rule does not apply where there is a claim for discrimination." Reply at 4 n.1. Because, as discussed above, the Court does not dismiss Plaintiffs' discrimination claims, it would be inappropriate to dismiss Plaintiffs' intentional infliction of emotional distress claim based on workers' compensation exclusivity.

Defendants next argue that Plaintiffs' allegations fail to satisfy the elements of a cause of action for intentional infliction of emotional distress. These elements are: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; (3) and actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Cervantes v. J.C. Penney Co.*, 24 Cal. 3d 579, 593

11

(1979).  In their opposition, Plaintiffs cited portions of the complaint, albeit without citation to specific paragraph numbers, alleging that Plaintiffs suffered damages and that Defendants acted intentionally and with improper motive.  Opp'n at 11.

In their reply brief, Defendants do not argue that these allegations are insufficient. Instead, Defendants rely on their argument that Plaintiffs' allegations fail to satisfy the first element of extreme and outrageous conduct.  As the court explained in *Janken v. GM Hughes Electronics*:

> Managing personnel is not outrageous conduct beyond the bounds of human decency, but rather conduct essential to the welfare and prosperity of society.  A simple pleading of personnel management activity is insufficient to support a claim of intentional infliction of emotional distress, even if improper motivation is alleged.  If personnel management decisions are improperly motivated, the remedy is a suit against the employer for discrimination.

46 Cal. App. 4th 55, 80 (1996).  Other courts, including this one, have followed *Janken* to hold that termination for discriminatory or other improper reasons is insufficient to rise to the level of outrageous conduct required for an intentional infliction of emotional distress claim. *E.g., Romaneck v. Deutsche Asset Mgmt.*, No. C05-2473 TEH, 2005 WL 2171987, at *4-5 (N.D. Cal. Sept. 6, 2005); *Walker v. Boeing Corp.*, 218 F. Supp. 2d 1177, 1190 (C.D. Cal. 2002); *Bartalini v. Blockbuster Entm't, Inc.*, No. C-98-3943-SC, 1999 WL 1012383, at *10 (N.D. Cal. Nov. 8, 1999).

Although Defendants did not cite any of these cases, including *Janken*, until their reply brief, Defendants did argue in their moving papers that the alleged acts by Defendants do not rise to the level of extreme and outrageous conduct required to state a claim for intentional infliction of emotional distress.  Defendants also specifically argued, albeit without citing *Janken*, that "[i]nsults, indignities, threats and annoyances are insufficient to support a cause of action for intentional infliction, and termination alone [is] similarly insufficient."  Mot. at 15.  Thus, the Court does not find it necessary to disregard *Janken* in ruling on Defendants' motion, particularly when the Court provided Plaintiffs with an opportunity to respond at oral argument.

1    When asked to respond to *Janken* at the hearing, Plaintiffs failed to distinguish any of

2    the above cases or present the Court with any authority holding that an employee may state a

3    claim for intentional infliction of emotional distress based solely on personnel management

4    decisions such as termination or failure to accommodate.  Plaintiffs attempted to rely on *Cole*

5    *v. Fair Oaks Fire Protection District*, 43 Cal. 3d 148 (1987), but that case is of no assistance

6    to Plaintiffs because the court there held that an intentional infliction of emotional distress

7    claim will not lie where the allegations are based on "matters which can be expected to occur

8    with substantial frequency in the working environment.  Some harassment by superiors when

9    there is a clash of personality or values is not uncommon. Disciplinary hearings and

10   demotions and friction in negotiations as to grievances are also an inherent part of the

11   employment setting as are decisions to seek disability retirement and demands to appear at

12   meetings which interfere with personal arrangements." *Id.* at 161.  Such allegations are

13   therefore insufficient to recover in tort for intentional infliction of emotional distress.  *Id.* at

14   160-61.

15        Plaintiffs here have failed to cite the Court to any specific paragraphs in the complaint

16   that allege more than personnel management activity as the basis for their intentional

17   infliction of emotional distress claim.  Plaintiffs have thus failed to satisfy the requirement of

18   alleging extreme and outrageous conduct, and the Court accordingly GRANTS Defendants'

19   motion to dismiss Plaintiffs' claim for intentional infliction of emotional distress.  Dismissal

20   is without prejudice because Plaintiffs, if given leave to amend, may be able to allege

21   additional conduct by Defendants that falls outside of the type of conduct contemplated by

22   *Janken* and the other cases relied upon by Defendants..

23

24   **X.      Request for Punitive Damages**

25        Finally, Defendants move to dismiss Plaintiffs' request for punitive damages on

26   grounds that California Code of Civil Procedure section 425.14 prohibits claims for punitive

27   or exemplary damages against a religious corporation "unless the court enters an order

28   allowing an amended pleading that includes a claim for punitive or exemplary damages to be

**United States District Court**
For the Northern District of California

1   filed."  Plaintiffs contend that the California Code of Civil Procedure is inapplicable to

2   Plaintiffs' claims for punitive damages under federal law, apparently conceding that they do

3   not seek punitive damages under state law.[3]  Instead, Plaintiffs state only that they are

4   entitled to seek punitive damages under Title VII, which is permissible under 42 U.S.C.

5   § 1981a.  In their reply, Defendants do not dispute that Plaintiffs' claims for punitive

6   damages under Title VII are proper.  Based on the parties' arguments, the Court therefore

7   DENIES Defendants' motion to dismiss Plaintiffs' punitive damages claims under Title VII

8   but GRANTS Defendants' motion to dismiss Plaintiffs' claims for punitive damages under

9   state law.

10          At oral argument, Plaintiffs clarified that they were also seeking punitive damages

11   under the ADA and the ADEA.  In addition, Defendants' reply brief argues that Plaintiffs'

12   claim for punitive damages under the ADEA should be dismissed on grounds that the ADEA

13   does not authorize such awards.  However, Defendants' argument on the ADEA is a new

14   argument that was not included in Defendants' opening brief, and the Court therefore need

15   not consider it.  *Eberle*, 901 F.2d at 817-18.  Likewise, the Court need not consider an issue,

16   such as Plaintiffs' claim for punitive damages under the ADA, raised for the first time at oral

17   argument.

18

19   **CONCLUSION**

20          For all of the above reasons, the Court GRANTS IN PART and DENIES IN PART

21   Defendants' motion to dismiss.  The motion is GRANTED as to the following claims and

22   DENIED as to all claims not specifically enumerated below:

23          1.  The first cause of action for race discrimination, as to Plaintiff Pergamo only, with

24   prejudice;

25          2.  The second cause of action for national origin discrimination, as to Plaintiff

26   Pergamo only, without prejudice;

27   _____

28          [3]It is not clear that section 425.14 applies to California claims brought in federal court.
     However, the Court need not resolve this issue because Plaintiffs do not dispute it.

14

1    3.  The sixth cause of action for failure to accommodate disability, as to Plaintiff

2  Ramirez only, with prejudice;

3    4.  The seventh cause of action for harassment against the Salvation Army, except as

4  to Plaintiff Higgins, without prejudice;

5    5.  The eighth cause of action for harassment against the individual defendants, in its

6  entirety, with prejudice;

7    6.  The ninth cause of action for retaliation against the Salvation Army, except as to

8  Plaintiffs Higgins and Cousineau, with prejudice;

9    7.  The tenth cause of action for retaliation against the individual defendants, in its

10  entirety, with prejudice;

11    8.  The fourteenth cause of action for intentional infliction of emotional distress, in its

12  entirety, without prejudice; and

13    9.  Plaintiffs' claims for punitive damages under state law, with prejudice.

14    As to all claims dismissed without prejudice, if Plaintiffs wish to amend their

15  complaint, they must do so on or before **Monday, July 31, 2006.**  Failure to file a timely

16  amended complaint shall result in dismissal of all of the above claims with prejudice.

17  Plaintiffs are advised that the Court fully expects any amended complaint to contain

18  allegations specific to the claims raised by each individual plaintiff rather than the generic

19  pleadings that Plaintiffs attempted to rely on in their original complaint.

20

21  **IT IS SO ORDERED.**

22

23  Dated:   07/06/06

24  THELTON E. HENDERSON, JUDGE
   UNITED STATES DISTRICT COURT

25

26

27

28

United States District Court

For the Northern District of California