IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| EDITH RAMIREZ, et al.,<br><br>           Plaintiffs,<br><br>      v.<br><br>THE SALVATION ARMY, et al.,<br><br>           Defendants. | NO. C06-0631 TEH<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND STRIKE PLAINTIFFS' FIRST AMENDED COMPLAINT |

This matter came before the Court on Monday, October 2, 2006, on Defendants' motion to dismiss and strike portions of Plaintiffs' first amended complaint. After carefully considering the parties' written and oral arguments, the allegations in the complaint, and the relevant law, the Court now GRANTS IN PART and DENIES IN PART Defendants' motion for the reasons discussed below.

**BACKGROUND**

In this action, ten plaintiffs are suing their former employer, the Salvation Army, and several individual defendants on numerous claims stemming from Plaintiffs' employment and their termination therefrom. Seven plaintiffs are Asian females of Filipino descent, all of whom are over the age of 50. One of these plaintiffs also suffers from a physical disability. Of the three remaining male plaintiffs, one suffers from a physical disability, the second is over the age of 60 and suffers from a physical disability, and the third is over the age of 60 and of Italian descent.

On July 6, 2006, this Court granted in part and denied in part Defendants' motion to dismiss Plaintiffs' first complaint. Many of Plaintiffs' claims were dismissed without prejudice and Plaintiffs were granted leave to file an amended complaint by July 31, 2006. Plaintiffs subsequently filed a timely amended complaint.

Plaintiffs assert thirteen causes of action in their first amended complaint. These causes of action include claims for discrimination, harassment, and retaliation under Title VII, 42 U.S.C. § 1981, the Age Discrimination in Employment Act ("ADEA"), the Americans with Disabilities Act ("ADA"), and Article I, section 8 of the California Constitution. Plaintiffs also assert claims for failure to prevent discrimination and harassment, failure to accommodate disabilities, wrongful discharge in violation of public policy, and unlawful denial of family or medical leave under the Family Medical Leave Act ("FMLA"). Finally, Plaintiffs assert claims for intentional infliction of emotional distress and breach of an implied-in-fact contract.

**LEGAL STANDARD**

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) when a plaintiff's allegations fail to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A court should not grant dismissal "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). All allegations of material fact in a complaint are taken as true and construed in the light most favorable to the plaintiff. *Argabright v. United States*, 35 F.3d 472, 474 (9th Cir. 1994). Dismissal should be with leave to amend unless it is clear that amendment could not possibly cure the complaint's deficiencies. *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1296 (9th Cir. 1998).

**DISCUSSION**

Defendants move to dismiss Plaintiffs' seventh, ninth, twelfth, and thirteenth causes of action pursuant to Federal Rule of Civil Procedure 12(b)(6). In addition, Defendants move to dismiss and strike Plaintiffs' request for punitive damages pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f). The Court addresses each of Defendants' arguments in turn.

2

**I.     Harassment Claim ( Seventh Cause of Action)**

Defendants first move to dismiss the federal harassment claims against the Salvation Army brought by Plaintiffs Alfonzo, Cousineau, Pergamo, and Tangonan. Defendants contend that even after being given leave to amend these harassment claims, Plaintiffs have failed to allege sufficient facts upon which relief can be granted. Specifically, Defendants argue that Plaintiffs have not met the pleading requirements of Federal Rule of Civil Procedure Rule 8(a) because they have failed to establish all elements of a prima facie case of harassment.

However, to survive a motion to dismiss, a complaint need not plead all elements of a prima facie case. *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 510-512 (2002). In *Swierkiewicz*, the Supreme Court held that a plaintiff's complaint in an employment discrimination lawsuit need not "contain specific facts establishing a prima facie case of discrimination." *Id.* at 508. Instead, a short and plain statement of the claim, along with fair notice of the grounds for relief, is all that is required. *Id.* (citing Fed. R. Civ. P. 8(a)(2)). As the Ninth Circuit has stated, generally speaking, a complaint need only "fully [set] forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996).

While Defendants are challenging Plaintiffs' claims of harassment in the workplace, rather than Plaintiffs' employment discrimination claims, the Court finds no reason why the Supreme Court's analysis in *Swierkiewicz* should not apply here. Indeed, following the *Swierkiewicz* decision, another judge in this district applied the *Swierkiewicz* analysis in deciding whether a plaintiff's harassment claim should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). *Jelincic v. Xerox Corp.*, No. 04-2930, 2004 WL 2217643, at *2 (N.D. Cal. Oct. 1, 2004). The only case Defendants cite to support an argument against applying the *Swierkiewicz* analysis to a harassment claim is *Ortega v. New York City Off-Track Betting Corp*, No. 97-7582, 1999 WL 342353, at *4 (S.D.N.Y. May 27, 1999). However, *Ortega* is not persuasive authority for this Court because it was decided before *Swierkiewicz.*

In its prior order, this Court dismissed these plaintiffs' harassment claims because they failed to individually allege that they were subjected to harassment and had not provided sufficient factual allegations to support a harassment claim. July 6, 2006 Order Granting in Part & Denying in Part Defs.' Mot. to Dismiss at 6-7 (hereinafter "Order"). Plaintiffs have now remedied this defect. In Plaintiffs' first amended complaint, each of the plaintiffs has individually alleged a harassment claim and has also provided supporting factual allegations. For example, in the amended complaint, Plaintiff Alfonzo has alleged that she was "subjected to harassment . . . in the workplace." First Am. Compl. ¶ 64. To support this conclusory allegation, Plaintiff Alfonzo specifically alleges that Defendant Heller "yelled in a hostile tone, words to the effect of, 'you're not doing your job right'" in front of a customer, gave her "dirty looks," and "was extremely critical of her work, always waiting for . . . [her] to make a mistake." *Id.* ¶¶ 49-51. Each of the other above-named plaintiffs has made similar allegations. *Id.* ¶¶ 22-23, 28, 104-107, 116, 134-137, 145. Plaintiffs have, therefore, given Defendants fair notice of the factual basis for their harassment claims, thus meeting the liberal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Accordingly, Defendants' motion to dismiss Plaintiffs' seventh cause of action is DENIED.

**II.     Failure to Prevent Harassment Claim (Ninth Cause of Action)**

Defendants next move to dismiss Plaintiffs' claim against the Salvation Army for failure to prevent harassment because "[i]t is axiomatic" that when no "harassment can be proven in the first instance, no action can lie for failure to prevent either." *Giovannetti v. Trustees of Cal. State Univ.*, No. 04-5514, 2006 WL 1626990, at *9 (N.D. Cal. June 12, 2006). Because the Court denied Defendants' motion to dismiss Plaintiffs' harassment claims, the Court likewise DENIES Defendants' motion to dismiss Plaintiffs' failure to prevent harassment claims listed in Plaintiffs' ninth cause of action.

4

**III.   Intentional Infliction of Emotional Distress Claim (Twelfth Cause of Action)**

Defendants also move to dismiss the intentional infliction of emotional distress claims brought by Plaintiffs Alfonzo, Cousineau, Dacanay, Higgins, King, Pergamo, and Tangonan against all defendants.  Defendants contend that Plaintiffs have failed to allege all elements of a cause of action for intentional infliction of emotional distress.  The elements of a claim for intentional infliction of emotional distress are:  "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; (3) and actual and proximate causation of the emotional distress by the defendant's outrageous conduct."  *Cervantes v. J.C. Penney Co.*, 24 Cal. 3d 579, 593 (1979).  Defendants assert that Plaintiffs have only alleged conduct that is mere personnel management activity in support of these claims and, therefore, under *Janken v. Hughes Electronics*, 46 Cal. App. 4th 55 (1996), these claims should be dismissed.

In *Janken*, the issue before the court was whether plaintiffs could state claims for intentional infliction of emotional distress based solely on their termination from employment.  *Id.* at 60-61.  The court held that plaintiffs' intentional infliction of emotional distress claims must fail because personnel management activities, such as "hiring and firing, job or project assignments, office or work station assignments, promotion or demotion, [and] performance evaluations" are not extreme and outrageous conduct.  *Id.* at 64-65.  Instead, these activities are necessary to the performance of a supervisor's job.  *Id.* at 64.  Therefore, the Court held that a "simple pleading of personnel management activity is insufficient to support a claim of intentional infliction of  emotional distress, even if improper motivation is alleged."  *Id.* at 80.

In rendering its decision, however, the court clearly distinguished personnel management activities that are necessary to a supervisor's job performance from other forms of unnecessary conduct that can give rise to harassment claims.  *Id.* at 62-63.

As the court noted,

> Harassment claims are based on a type of conduct that is avoidable and unnecessary to job performance. No supervisory employee needs to use slurs or derogatory drawings, to physically interfere with freedom of movement, to engage in unwanted sexual advances, etc. in order to carry out the legitimate objectives of personnel management. Every supervisory employee can insulate himself or herself from claims of harassment by refraining from such conduct.

*Id.* at 64.

Applying the *Janken* standard to Plaintiffs' first complaint, this Court dismissed Plaintiffs' intentional infliction of emotional distress claims because Plaintiffs had failed to allege conduct that was beyond mere personnel management activity. Order at 13. Plaintiffs have cured this deficiency by alleging the same conduct to support their intentional infliction of emotional distress claims as was alleged to support their harassment claims, with the exception of Plaintiffs Dacanay and King, who have not raised harassment claims. Because the court in *Janken* specifically excluded conduct that serves as the basis for a harassment claim from its definition of "personnel management activity," these Plaintiffs' intentional infliction of emotional distress claims are sufficient under *Janken*.

As for Plaintiffs Dacanay and King, they have similarly alleged conduct that is "avoidable and unnecessary to job performance," *Janken*, 46 Cal. App. 4th at 64, by alleging that at the time of their termination, Defendant Vickery said in a "hostile manner, 'give me your ID!' . . . [and] harshly snatched the badge" off of their necks. First Am. Compl. ¶¶ 81, 93. Therefore, each of the above-named Plaintiffs has alleged that Defendants engaged in conduct that is not merely personnel management activity. In so doing, all of these Plaintiffs have satisfied the liberal pleading requirements of Rule 8(a) by setting forth who is being sued, on what basis, and the grounds of relief. *McHenry*, 84 F.3d at 1177. The Court therefore DENIES Defendants' motion to dismiss Plaintiffs' intentional infliction of emotional distress claims listed in Plaintiffs' twelfth cause of action.

### IV. Breach of Implied-in-Fact Contract Claim (Thirteenth Cause of Action)

Defendants also move to dismiss the breach of implied-in-fact contract claims asserted by Plaintiffs Alfonzo, Cachero, King, Ramirez, and Tangonan. Defendants argue that length of one's employment, in and of itself, is not sufficient to establish the existence of an implied-in-fact contract not to terminate without good cause. Defendants further argue that, in the absence of any other relevant factors, this Court has the authority to decide as a matter of law that no implied-in-fact contract exists.

Plaintiffs rely on their allegations of length of employment, combined with allegations that Plaintiffs Cachero and King were told they would be re-hired after their termination, to support this claim. In addition, Plaintiffs argue that the existence of an implied-in-fact contract is normally a question of fact and should not be decided by this Court as a matter of law. *See, e.g., Haycock v. Hughes Aircraft Co.*, 22 Cal. App. 4th 1473, 1490-1491 (1994). Both Defendants and Plaintiffs rely on *Foley v. Interactive Data Corp.*, 47 Cal. 3d 654 (1988), to support their arguments.

In *Foley*, the California Supreme Court reversed and remanded the appellate court's judgment affirming the dismissal of a plaintiff's cause of action for breach of an implied-in-fact employment contract. *Id.* at 682. The Court noted that while California Labor Code section 2922 establishes a presumption of at-will employment, this presumption may be overcome by evidence that the employer's power to terminate would be limited in some way, e.g., by a requirement that termination be based only on "good cause." *Id.* at 677. The Court further noted that factors such as the "personnel policies or practices of the employer, the employee's longevity of service, [and] actions or communications by the employer reflecting assurances of continued employment" are all relevant in determining, as a question of fact, whether an implied-in-fact contract exists. *Id.* at 677-680. Upon review of the plaintiff's complaint, which alleged facts such as the length of employment, repeated assurances of job security, promotions, salary increases and bonuses, and written termination guidelines, the Court found that the plaintiff had pleaded sufficient facts to state a cause of action for breach of an implied-in-fact contract. *Id.* at 680.

7

Based on *Foley*, Plaintiffs are correct that length of employment is a relevant consideration in determining whether an implied-in-fact contract exists. However, Defendants are also correct that length of employment is not, in and of itself, sufficient to state a cause of action for breach. Indeed, subsequent to *Foley*, the California Supreme Court expressly declined "to interpret *Foley* as holding that long, successful service, standing alone, can demonstrate an implied-in-fact contract right not to be terminated at will." *Guz v. Bechtel Nat'l Inc.*, 24 Cal. 4th 317, 343 (2000). Therefore, as to Plaintiffs Alfonzo, Ramirez, and Tangonan, who have only alleged length of employment as the basis for their claims for breach of an implied-in-fact employment contract, Defendants' motion to dismiss is GRANTED.

Plaintiffs Cachero and King have additionally alleged that they were told they would be re-hired to a different position at the time of their termination. First Am. Compl. ¶¶ 71, 94. However, statements regarding the possibility of new employment in a different position, made while being terminated from one's current position, do not appear to be the type of "assurances of continued employment" contemplated by the Court in *Foley*, 47 Cal. 3d at 680. Thus, Plaintiffs may not rely on allegations of such statements to establish the existence of an implied-in-fact contract not to terminate absent good cause. Because these allegations and length of employment are the only two factual allegations upon which Plaintiffs Cachero and King base their claims, Defendants' motion to dismiss Plaintiffs' claims for breach of an implied-in-fact contract is also GRANTED as to Plaintiffs Cachero and King.

Dismissal of all five Plaintiffs' claims for breach of an implied-in-fact contract is without prejudice because it is not clear at this time that Plaintiffs will be unable to cure this defect. Under applicable law, this Court is therefore obliged to grant Plaintiffs leave to amend. *Steckman*, 143 F.3d at 1296. However, as indicated at oral argument, the Court is concerned about Plaintiffs' ability to meet even the liberal pleading requirements of Federal Rule of Civil Procedure 8(a), as well as Plaintiffs' counsel's apparently piecemeal approach to this case. Therefore, should Plaintiffs decide to amend their claims for breach of implied-in-fact contract, Plaintiffs' counsel must take all steps necessary, including conducting a new

8

round of interviews, to ensure that Plaintiffs have alleged all factual allegations relevant to these claims. The Court does not anticipate granting further leave to amend if Plaintiffs again attempt and fail to state a breach of implied-in-fact contract claim.

## V. Request for Punitive Damages

Finally, Defendants move to dismiss and strike Plaintiffs' request for punitive damages under state law, as well as under the ADA, ADEA, and FMLA. Defendants do not dispute that Plaintiffs are entitled to punitive damages under Title VII.

Defendants correctly argue that Plaintiffs' amended complaint erroneously contains a request for punitive damages under state law for Plaintiffs' wrongful discharge and intentional infliction of emotional distress claims in violation of this Court's prior order. In that order, this Court dismissed all of Plaintiffs' claims for punitive damages under state law with prejudice. Order at 14-15. Based on Plaintiffs' failure to oppose their lack of entitlement to punitive damages under state law, this Court GRANTS Defendants' motion to dismiss and strike Plaintiffs' request for punitive damages under state law with prejudice.

Defendants further argue that Plaintiffs' request for punitive damages under the ADA should be dismissed because Plaintiffs did not file a properly noticed motion to amend their complaint to assert new legal claims. However, Plaintiffs did request punitive damages for their ADA claims in their first complaint. Compl. ¶¶ 122, 127, 132, 142. The Court did not rule on Plaintiffs' claim for punitive damages under the ADA in its prior order because the issue was not raised until oral argument. In addition, Plaintiffs correctly observe that they are entitled to punitive damages under the ADA. *See* 42 U.S.C. § 1981a (a)(2). Because Defendants do not dispute Plaintiffs' entitlement to punitive damages under the ADA on the merits, the Court DENIES Defendants' motion to dismiss and strike Plaintiffs' request for punitive damages under the ADA.

Defendants also argue that Plaintiffs are not entitled to punitive damages under the ADEA. Plaintiffs do not dispute that punitive damages are not available under the ADEA, but they note that liquidated damages are available under the ADEA for willful violations of

9

the Act. *See* 29 U.S.C. § 626(b). Defendants do not contest Plaintiffs' entitlement to liquidated damages under the ADEA in their reply. However, Defendants argue that Plaintiffs should not be granted further leave to amend because they had a prior opportunity to cure defects in their original complaint. Given that Defendants do not address the merits of Plaintiffs' request for liquidated damages, and in light of Plaintiffs' concession that punitive damages are not available under the ADEA, the Court GRANTS Defendants' motion to dismiss and strike Plaintiffs' request for punitive damages under the ADEA, with leave to amend to include a request for liquidated damages under the ADEA.

Lastly, Defendants argue that Plaintiffs are not entitled to punitive damages under the FMLA. Plaintiffs do not respond to Defendants' assertion, thereby apparently conceding their lack of entitlement. Moreover, although the FMLA does not specifically state that it does not authorize such awards, the Ninth Circuit has noted that the "FMLA only provides for compensatory damages and not punitive damages." *Xin Liu v. Amway Corp.*, 347 F.3d 1125, 1133 n.6 (9th Cir. 2003). Therefore, the Court GRANTS Defendants' motion to dismiss and strike Plaintiffs' request for punitive damages under the FMLA with prejudice.

**CONCLUSION**

For all of the above reasons, the Court GRANTS IN PART and DENIES IN PART Defendants' motion to dismiss and strike portions of Plaintiffs' first amended complaint. Defendants' motion is GRANTED as to Plaintiffs' claims for punitive damages under state law, the ADEA, and the FMLA, with prejudice. In addition, Defendants' motion is GRANTED as to Plaintiffs' thirteenth cause of action for breach of an implied-in-fact contract, in its entirety, without prejudice. Defendants' motion is DENIED as to all other claims.

If Plaintiffs wish to amend their complaint to re-allege a breach of an implied-in-fact contract claim or to request liquidated damages under the ADEA, they must do so on or before **Friday, November 3, 2006**. Failure to file a timely amended complaint shall result in

10

dismissal of the breach of implied-in-contract claim with prejudice and an inability to seek liquidated damages under the ADEA.

**IT IS SO ORDERED.**

Dated:   10/13/06

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT