CARLA J. FELDMAN, SBN 119864
AMY B. PINSKE, SBN 237819
MORGAN, LEWIS & BOCKIUS LLP
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: 213.612.2500
Fax: 213.612.2501

M. MICHAEL COLE, SBN 235538
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105
Tel: 415.442.1000
Fax: 415.442.1001

Attorneys for Defendants
THE SALVATION ARMY, KIMBERLY
VICKERY, JACK PHILIPS, MARLENE HELLER,
and ANN PHILLIPS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EDITH RAMIREZ; FLORENCIA ALFONZO; CHARITA CACHERO; ROBERT COUSINEAU; DIGNA DACANAY; DONALD HIGGINS; LUZ KING; ANTONIO PERGAMO; LOURDES TANGONAN; REBECCA E. VALERA,<br><br>Plaintiffs,<br><br>vs.<br><br>THE SALVATION ARMY, dba THE SALVATION ARMY ADULT REHABILITATION CENTER and THE SALVATION ARMY THRIFT STORE; KIMBERLY VICKERY, and individual; JACK PHILLIPS, an individual; MARLENE HELLER, an individual; ANN PHILLIPS, an individual; MR. DIEGO (LAST NAME UNKNOWN); an individual; and DOES 1-50, inclusive,,<br><br>Defendants. | Case No. 3:06-cv-00631 TEH<br><br>**STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER**<br><br>The Honorable Thelton E. Henderson |

IT IS HEREBY STIPULATED AND AGREED, by and between the parties in the above captioned matter, and by and between their undersigned counsel, that:

Defendant will produce one master set of documents that pertain to a majority or all Plaintiffs. Such documents will include the EEOC charges and responses where those responses include a majority or all Plaintiffs.

For documents that do not pertain to a majority or all Plaintiffs, Defendant will bates label and produce those documents with a different bates identifier.

Defendant agrees that its witnesses can be asked about documents located in the master set of discovery with respect to all Plaintiffs so long as those documents relate to the particular individual Plaintiff's claims.

Documents which are duplicates of those that have been produced to the EEOC will be produced once as part of Defendant's EEOC response. Defendant will not break apart the EEOC response and produce each document with respect to each Plaintiff multiple times.

"Confidential Material" shall include the documents and other material identified as such in accordance with paragraphs 3-5 below. "Confidential Material" shall be accorded the protections referred to in paragraphs 6-12 of this Order.

"Action" or "this action" shall refer to the above-captioned action and to no other action.

1. Any party may in good faith designate as Confidential Material, and subject to this Confidentiality Agreement and Protective Order, any document, information or material that is either; (a) produced during discovery proceedings in this action; (b) included in an order of this Court; or (c) generated by a party in this action, including but not limited to, answers to interrogatories and responses to any request for the production of documents and which constitute or contain proprietary or sensitive business, personal or personnel information or any extracts or summaries thereof.

2. Acceptance by any party of discovery material designated as "Confidential Material" shall not constitute a concession that any such discovery material is appropriately so designated.

3. (a) All documents, information and other discovery materials shall be

treated as Confidential Material subject to this Confidentiality Agreement and Order without the need for any designation until the end of the seventh day after the date on which it is/they are produced.

(b) Documents and other discovery material may be designated as Confidential Material: (i) by affixing a legend to every page of the document at the time of production; (ii) by agreement in writing between the producing and receiving parties at any time; (iii) with respect to deposition testimony, in accordance with the procedures set forth in Paragraph 4 below; or (iv) with respect to motion papers, in accordance with the procedures set forth in Paragraph 5 below. If the designation in question is disputed by the receiving party, then the receiving party shall so notify the designating party in writing with ten (10) days of receipt of the documents or other discovery materials. The documents or discovery materials in dispute shall remain Confidential Material subject to the terms of this Order. If the parties are unable to resolve their dispute, then either party may move the Court for an order approving or removing the confidential designation, and the non-moving party may oppose such motion. The designated material shall be deemed Confidential Material until the issue is resolved by the Court.

4. Any person giving deposition testimony in this action may, directly or through counsel, designate his or her testimony or any portion thereof (including exhibits), whether or not previously designated as Confidential Material, as Confidential Material by advising the court reporter and all parties of such fact on the record during the deposition, or in writing at any time up to and including the seventh day after the date of receipt of the deposition transcript. Deposition testimony shall automatically be deemed to be Confidential Material subject to the terms of this Order until the end of the seventh day after the date of receipt of the deposition transcript. In addition, any party may designate a Confidential Material, in accordance with paragraphs 3 or 4 hereof, all or any part of any deposition taken in this action. All copies of deposition transcripts designated as or containing Confidential Material shall be prominently marked "Confidential Material" on the cover thereof. If this designation is disputed by the receiving party, then the receiving party shall so notify the designating party in writing. The deposition testimony in dispute shall remain Confidential subject to the terms of this Order. If the

parties are unable to resolve their dispute, then either party may move the Court for an order approving or removing the confidential designation and the non-moving party may oppose such motion. The designated material shall be deemed Confidential Material until the issue is resolved by the Court.

5. Motion papers or other Court filings, including exhibits, that disclose Confidential material shall be the subject of an application to file the Confidential Material under seal pursuant to Rule 79-5 of the Civil Local Rules for the United States District Court, Northern District of California. Nothing shall be filed under seal and the Court shall not be required to take any action without separate prior order by the judge before whom the hearing or proceeding will take place after application by the affected party with appropriate notice to opposing counsel. If the receiving party disputes a confidential designation or motion papers or exhibits, then the receiving party must notify the designating party of that dispute in writing. If the parties are unable to resolve their dispute, either party may move the Court for an order approving or removing the confidential designation and the non-moving party may oppose such motion. In the interim, the designated material shall be deemed Confidential Material until the issue is resolved by the Court.

6. All Confidential Material shall be used only for the purposes of this action and shall not be used for any other purpose except upon written consent of the designating party or order of this Court, unless the Confidential Material was obtained lawfully and independently of the designating party.

7. Confidential Material shall be held in confidence and shall not be intentionally or recklessly revealed, discussed, or disclosed in any manner, in any form, to any person or entity other than:

    (a) the Court in this action;

    (b) counsel for any party retained in or working on the prosecution, defense, or settlement of this action including co-counsel and counsel employed directly by any party;

    (c) employees of counsel and persons assigned to assist counsel in the

prosecution, defense, or settlement of this action;

(d) individual parties, including the Plaintiff, and any director, officer or employee of any party of this action, to the extent deemed necessary by counsel for the prosecution, defense or settlement of this action;

(e) individual Plantiffs signing the Confidentiality Agreement may review only the personnel files or Confidential Material of those other named Plaintiffs who sign and provide Defendants' counsel with enforceable waivers of their privacy rights which release any and all claims against Defendants arising from any disclosure of their personnel files; and

(f) witnesses, experts, and consultants, but only to the extent reasonably deemed necessary by counsel for the prosecution, defense or settlement of this action <u>and</u> only if the witnesses and consultants sign the Confidentiality Agreement.

8. Any disputes between counsel regarding the scope of Confidential Material will be resolved by the Court. Upon the request of any counsel, counsel agree to meet promptly to review and resolve informally issues centering on Confidential Material. If such meeting fails to resolve any disputes, the parties shall promptly seek the Court's assistance. Pending the Court's resolution of such issues, such material shall remain designated as Confidential Material.

9. Prior to the disclosure of any Confidential Material to Plaintiffs, Defendants, or any individual entitled to review such information pursuant to the provisions of the proceeding paragraphs 7(e) or 7(f), such individual shall be provided with a copy of this Confidentiality Agreement and Protective Order and be instructed to read it. After such person has read the Agreement, he or she shall be required to sign a copy of the attached agreement acknowledging that he or she shall abide by the terms of this Agreement and Order. The parties agree to obtain and retain a signed copy of the attached agreement from any individual, including any nonparty deponents, to whom Confidential Material is disclosed.

10. The inadvertent or unintentional disclosure by any party of Confidential Material, regardless of whether the information was so designated at the time of the disclosure, shall not be deemed a waiver in whole or in party of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information disclosed or as to any other

information relating thereto on the same or related subject matter.

11. Nothing contained in this Confidentiality Agreement and Protective Order shall affect or restrict the rights of any party with respect to its own documents.

12. A producing party may notify in writing the other party that documents that should have been designated Confidential Material were inadvertently produced without being so designated. Upon receiving such written notice from the producing party, the receiving party shall thereafter treat the documents as Confidential Material pursuant to this Protective Order.

13. Upon final termination of this action, a party producing Confidential Material may request the return or destruction of all such material and of other documents containing information or data from the Confidential Material, and all copies thereof made by or on behalf of the receiving parties, and the receiving parties shall comply with such request unless otherwise ordered by the Court. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney-work product, even if such materials contain Confidential Material. Any such archival copies that contain or constitute Confidential Material remain subject to this Confidentiality Agreement and Protective Order. Moreover, any such Confidential Material shall not be used by Counsel in any way in any other matter, including in any other case, action, or proceeding.

14. The provisions of this Order are without prejudice to any application by any party at any time, on notice, for a modification or dissolution of or relief from this Agreement and Order or any provision hereof.

15. The parties and their attorneys, and all other persons agreeing to this undertaking, shall be responsible to see that the purpose and effect of this Order is achieved.

16. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to any confidential documents or information; or to apply to the Court for an order compelling production of documents; or for the modification or relaxation of this Order.

///

///

1  17. The Court may modify the Protective Order in the interest of justice or
2  public policy.

3

4  MORGAN, LEWIS & BOCKIUS LLP

5  Dated: February 20, 2007                By: /s/ Carla J. Feldman
6                                              Carla J. Feldman
                                               Amy B. Pinske
7                                              M. Michael Cole
                                               Attorneys for Defendant
8                                              THE SALVATION ARMY

9

10  THE LAW OFFICES OF DANIEL FEDER

11  Dated: February 20, 2007               By: /s/  [As authorized on February 16, 2007]
12                                              Daniel J. Feder
                                               Attorneys for Plaintiffs

13

14

15

16                                       **ORDER**

17  IT IS SO ORDERED

18

19  Dated: February  22  , 2007            _____
20                                         UNITED STATES DISTRICT JUDGE
21
                                           [Seal: UNITED STATES DISTRICT COURT
22                                          NORTHERN DISTRICT OF CALIFORNIA
23                                          Judge Thelton E. Henderson]
24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW    1-SF/7376790.1                    7           PROTECTIVE ORDER (3:06-CV-00631 TEH)
  LOS ANGELES

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDITH RAMIREZ; FLORENCIA ALFONZO; CHARITA CACHERO; ROBERT COUSINEAU; DIGNA DACANAY; DONALD HIGGINS; LUZ KING; ANTONIO PERGAMO; LOURDES TANGONAN; REBECCA E. VALERA,<br><br>Plaintiffs,<br><br>vs.<br><br>THE SALVATION ARMY, dba THE SALVATION ARMY ADULT REHABILITATION CENTER and THE SALVATION ARMY THRIFT STORE; KIMBERLY VICKERY, and individual; JACK PHILLIPS, an individual; MARLENE HELLER, an individual; ANN PHILLIPS, an individual; MR. DIEGO (LAST NAME UNKNOWN); an individual; and DOES 1-50, inclusive,,<br><br>Defendants. | Case No. 3:06-cv-00631 TEH<br><br>**STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER**<br><br>The Honorable Thelton E. Henderson |

I have been provided with a copy of the annexed Confidentiality Agreement and Protective Order. I have thoroughly reviewed its terms, and I agree to abide by those terms.

Dated: _____

Signed: _____

Name: _____

Title: _____